———————o———————

## No. 6165.

## AHRENS & OTT MANUFACTURING COMPANY vs. IDEAL PLUMBING COMPANY.

### Syllabus.

When the testimony raises a very strong presumption that one of the defendants was a member of the defendant partnership, and he is present at the trial and fails to take the stand to deny it, his silence will condemn him.

Mechanics associated together as a company to carry on the business of plumbers are ordinary and not commercial partners, and as such are liable only jointly and not solidarily even though their contracts require them as an incident to their business to furnish supplies.

Appeal from the Civil District 'Court for the Parish of Orleans, Division ''A,'' No. 98,274. Hon. T. C. W. Ellis, Judge.

Wolff & Grasser, for plaintiff and appellee.

G. J. Untereiner, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiffs allege that Manuel C. Royes, Louis Eichhorn and Widow Ludwig Eichhorn were associated together as commercial partners under the firm name of "Ideal Plumbing Company"; that they sold these defendants merchandise which they failed to pay, and for which they pray judgment in solido against them.

Widow Eichhorn and Louis Eichhorn filed a general denial, and specially denied that they were partners of Manuel Royes in the business of the "Ideal Plumbing Company."

Manuel Royes filed a general denial.

There was judgment against Manuel C. Royes and Louis Eichhorn, in solido, and in favor of Widow Ludwig Eichhorn.

Louis Eichhorn alone has appealed.

Two questions are presented, whether the defendants were partners, and if so, were they commercial partners liable in solido, or were they ordinary partners liable jointly, each for one-half.

The bill heads of the Ideal Plumbing Company bear the names of L. Eichhorn and M. C. Royes, Manager on the upper left and right hand corners. M. C. Royes in a statement signed March 17th, 1911, declares the Widow Eichhorn and Louis Eichhorn were his partners; yet as a witness, on June 14th, 1914, he testifies they were not. But Louis Eichhorn does not take the stand to deny he was a partner although he was present at the trial. That fact was peculiarly within his knowledge, and his silence condemns him.

The judge of the lower Court said he was a partner and we agree with him on this question of fact.

But the defendants were plumbers and as such mechanics and not merchants. If in the course of their business they furnished and sold certain supplies necessary to fulfill their contracts it was incidental to their business.

126 La., 1028 (1039).

Carpenters are only ordinary partners.
15 L., 138; 2 A., 623; 6 A., 423.

Mechanics as a rule are only ordinary partners.
11 A., 2.

Solidarity is not presumed.
C. C., 2093 (2088); Baldwin vs. Washtetter, 7 Court of Appeal, 116; 42 A., 1031.

Ordinary partners are bound in solido.
C. C., 2872 (2843).

It is therefore ordered that the judgment of the District Court be amended so that the judgment now is in favor of plaintiff against Manuel C. Royes and Louis Eichhorn jointly each for one-half for three hundred and eighty 56/100 dollars with legal interest from October 4th, 1911, until paid; the costs of the lower Court to be paid by defendants and the cost of appeal by plaintiffs and appellees, and in other respects said judgment is affirmed.

Judgment amended and affirmed.

Opinion and decree, November 9th, 1914.

Rehearing refused, November 23rd, 1914.